IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RESTOREMASTERS, LLC., as assignee**                                                  **PLAINTIFF**
**of Trinity United Methodist Church**

**V.**                                                  **NO. 4:20-CV-189-DMB-DAS**

**CERTAIN UNDERWRITERS AT**
**LLOYD'S, LONDON SUBSCRIBING**
**TO POLICY #PG0197717**                                              **DEFENDANT**

## ORDER

The parties jointly move this Court to (1) set aside the default entered against Certain Underwriters at Lloyd's London Subscribing to Policy #PG0197717 and (2) stay this case pending an ongoing arbitration. Because the Court concludes the default against Underwriters was not willful and staying this case pending arbitration is appropriate, the joint motion will be granted.

**I**
**Procedural History**

On October 30, 2020, Mississippi Annual Conference of the United Methodist Church d/b/a Trinity United Methodist Church, and Restore Masters, LLC., filed a complaint in the United States District Court for the Northern District of Mississippi against Arthur J. Gallagher (UK) Limited, alleging various claims arising from an insurance coverage dispute regarding alleged hailstorm damage to property in Greenville, Mississippi. Doc. #1. An amended complaint was filed November 24, 2020, naming Certain Underwriters at Lloyd's of London Subscribing to Policy #PG0197717 ("Underwriters") as the sole defendant.[1] Doc. #3. Underwriters' registered agent accepted service of the amended complaint on February 11, 2021. Doc. #10. On March 2,

---

[1] Though the amended complaint did not name Arthur J. Gallagher (UK) Limited as a defendant, the plaintiffs voluntarily dismissed Gallagher with prejudice on January 19, 2021. Doc. #6.

2021, with the Court's leave,[2] a second amended complaint was filed by Restoremasters LLC, as assignee of Trinity United Methodist Church, against Underwriters. Doc. #9.

On March 17, 2021, the Clerk of Court notified Restoremasters that Underwriters was in default and that failure to request an entry of default may result in dismissal of the case without prejudice for failure to prosecute. Doc. #11. Restoremasters filed a "Request for Entry of Default Judgment" on April 20, 2021. Doc. #12.[3] The next day, it filed a "Motion for Default Judgment." Doc. #13. The motion for default judgment was denied as premature because default had not yet been entered and because Restoremasters failed to submit an accompanying memorandum brief. Doc. #14. On May 7, 2021, Restoremasters requested the Clerk enter default against Underwriters, Doc. #15, which the Clerk did on May 11, 2021, Doc. #16. On August 2, 2021, the parties filed this joint motion to set aside the default and to stay proceedings. Doc. #26.

## II
## Discussion

### A. Request to Set Aside Default

The parties argue good cause exists to set aside the default against Underwriters as Underwriters' failure to respond was not willful but resulted from confusion on the part of its registered agent. *Id.* at 2. Specifically, the parties represent that they agreed to arbitrate the coverage dispute pursuant to an arbitration clause in the insurance policy; that prior to the agreement to arbitrate, the plaintiffs, unbeknownst to Underwriters, filed this suit to avoid potential statute of limitations issues; that while they were pursuing arbitration,[4] the complaint was served

---

[2] Doc. #8.

[3] This filing, which did not include an affidavit in support as required by Rule 55(a), was docketed as a request for an entry of default. Doc. #12.

[4] The parties do not state the exact date arbitration commenced, only that it was underway by February 2021. Doc. #26 at 2.

on Underwriters' agent but "due to an inadvertent error based on the status of [the] pending arbitration, notice of the lawsuit was not communicated to Underwriters;" that Underwriters did not learn of this suit or the default[5] until May 17, 2021; and that the issues in this case have been properly submitted to arbitration. Doc. #26 at 1–3; Doc. #27 at 2.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Because "[d]efaults are generally disfavored," a motion to set aside an entry of default should be granted "[u]nless it appears that no injustice results from the default …." *Koerner*, 910 F.3d at 225 (internal quotation marks omitted).

Based on the undisputed facts presented,[6] the Court finds good cause exists to set aside the default against Underwriters. The default did not stem from Underwriters' intentional failure to respond to the litigation but rather a failed communication between Underwriters and its registered agent. Underwriters acted immediately to remedy the default and has been proceeding with

---

[5] Upon receiving notification of the default, Underwriters' counsel contacted Restoremasters' counsel and was told that the "lawsuit was filed only to avoid statute of limitations issues and that [Restoremasters] would not be pursuing default judgment." Doc. #26 at 2–3.

[6] The parties do not address the "meritorious defense" element of the analysis in the joint motion. Regardless, the Court concludes sufficient grounds for the relief sought has been presented.

arbitration with intent to defend the suit. And no party will be prejudiced by setting aside the default since the parties are working together to resolve all issues in arbitration.

### B. Request to Stay

Although there are no current issues for this Court to decide, the parties ask that this case remain open but stayed to allow the Court to enforce any arbitration judgment or award. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see* 9 U.S.C. § 3 (authorizing stay pending arbitration). The parties agree that the claims at issue are subject to an arbitration provision and that a stay of the case is appropriate pending the ongoing arbitration to "avoid[] duplicative and unnecessary efforts to simultaneously resolve the same matter via two different avenues (arbitration and litigation)." Doc. #27 at 3. This Court agrees. Accordingly, this case will be stayed pending the conclusion of arbitration.

### III
### Conclusion

The parties' joint motion to set aside the default and to stay proceedings [26] is **GRANTED**. The May 11 entry of default [16] is **SET ASIDE**. This case is **STAYED** pending the outcome of arbitration. The parties are **DIRECTED** to notify this Court of the outcome of arbitration within seven (7) days of the final arbitration decision.

**SO ORDERED**, this 20th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**